IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| IN RE: | : | Chapter 11 |
|---|---|---|
| | : | |
| SEMCRUDE, L.P., et al., | : | Bankr. Case Nos. 08-11525-BLS |
| | : | |
| Debtors. | : | |
| | : | |
| | : | |
| CHEVRON PRODUCTS COMPANY, | : | |
| A DIVISION OF CHEVRON, U.S.A.,: | | |
| INC., | : | |
| | : | |
| Appellant, | : | |
| | : | |
| v. | : | Civil Action No. 09-288-JJF |
| | : | |
| SEMCRUDE, L.P., et al., | : | |
| | : | |
| Appellees. | : | |

Richard L. Epling, Esquire; Karen B. Dine, Esquire and Margot P.
Erlich, Esquire of PILLSBURY WINTHROP SHAW PITTMAN LLP, New York,
New York.
Norman M. Monhait, Esquire of ROSENTHAL, MONHAIT & GODDESS, P.A.,
Wilmington, Delaware.

Attorneys for Appellant.

Martin Sosland, Esquire; Melanie Gray, Esquire and Eleanor
Gilbane, Esquire of WEIL, GOTSHAL & MANGES LLP, Houston, Texas.
Mark D. Collins, Esquire; John H. Knight, Esquire and L.
Katherine Good, Esquire of RICHARDS, LAYTON & FINGER, P.A.,
Wilmington, Delaware.

Attorneys for Appellees.

**MEMORANDUM OPINION**

April $\frac{30}{}$, 2010
Wilmington, Delaware.

Farnan, District Judge

Pending before the Court is an appeal filed by Appellant, Chevron Products Company, a division of Chevron U.S.A., Inc. ("Chevron"), of the January 9, 2009 Order of the Bankruptcy Court denying Chevron's motion seeking relief from the automatic stay and the March 19, 2009 Memorandum Order denying Chevron's motion for reconsideration of the Bankruptcy Court's January 9, 2009 Order. For the reasons discussed, the Court will affirm the Orders of the Bankruptcy Court.

## I.    PARTIES' CONTENTIONS

This action arises in connection with several contracts entered into between Chevron and the Debtors, SemCrude, L.P., SemFuel, L.P., and SemStream, L.P. Chevron contends that the Bankruptcy Court erred in denying Chevron relief from the automatic stay so that it could exercise its contractual right of setoff against certain alleged mutual claims and debts. Specifically, Chevron contends that the Bankruptcy Court erred in concluding that (1) the contracts did not create mutuality among the parties, (2) no exception to the mutuality requirement applied under 11 U.S.C. § 553, and (3) the contracts were not entitled to "safe harbor" protection under 11 U.S.C. §§ 362(b)(6), (17), (27), 556, 560, 561.

In response, the Debtors contend that many of Chevron's arguments have been raised for the first time in the context of this appeal, and such arguments should not be entertained by the

Court. With respect to Chevron's remaining arguments, the Debtors contend that the Bankruptcy Court correctly found that the contracts did not create mutual debts and claims, but rather a triangular setoff arrangement which does not give rise to a claim for relief from the automatic stay. In addition, the Debtors contend that the Bankruptcy Court correctly concluded that no contractual exception to the mutuality requirement existed.

With respect to Chevron's request for reconsideration based upon the application of the safe harbor provisions under the Bankruptcy Code, the Debtors contend that the Bankruptcy Court properly declined to grant reconsideration because Chevron failed to raise its safe harbor argument in its initial stay motion. Because there was no intervening change in controlling law, no newly available evidence, and no need to correct a clear error by the Bankruptcy Court, the Debtors contend that the Bankruptcy Court did not err in denying reconsideration.

## II. STANDARD OF REVIEW

The Court has jurisdiction to hear an appeal from the Bankruptcy Court pursuant to 28 U.S.C. § 158(a). In undertaking a review of the issues on appeal, the Court applies a clearly erroneous standard to the Bankruptcy Court's findings of fact and a plenary standard to its legal conclusions. See Am. Flint Glass Workers Union v. Anchor Resolution Corp., 197 F.3d 76, 80 (3d

1

Cir. 1999).  With mixed questions of law and fact, the Court must accept the Bankruptcy Court's finding of "historical or narrative facts unless clearly erroneous, but exercise[s] 'plenary review of the trial court's choice and interpretation of legal precepts and its application of those precepts to the historical facts.'" Mellon Bank, N.A. v. Metro Communications, Inc., 945 F.2d 635, 642 (3d Cir. 1991) (citing Universal Mineral, Inc. v. C.A. Hughes & Co., 669 F.2d 98, 101-02 (3d Cir. 1981)).  The appellate responsibilities of the Court are further understood by the jurisdiction exercised by the Third Circuit, which focuses and reviews the Bankruptcy Court decision on a de novo basis in the first instance.  In re Telegroup, 281 F.3d 133, 136 (3d Cir. 2002).

In cases regarding the denial of relief from the automatic stay and denial of reconsideration, the Bankruptcy Court's decisions are reviewed under the abuse of discretion standard. Baldino v. Wilson, 116 F.3d 87, 89 (3d Cir.1997) (automatic stay); Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999)(reconsideration).  An abuse of discretion exists when judicial action "'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'"  NLRB v. Frazier, 966 F.2d 812, 815 (3d Cir. 1992) (quoting International Union, UAW v. Mack Trucks, Inc., 820 F.2d 91, 95 (3d Cir.1987)); In re FRG, 115 B.R.

72, 73 (E.D. Pa. 1990) (holding that an abuse of discretion exists whenever a judicial action is "arbitrary, fanciful, or unreasonable, or when improper standards, criteria, or procedures are used"). A court abuses its discretion when it bases a decision upon an erroneous legal conclusion, which itself is reviewed de novo. Hanover Potato Prods. v. Shalala, 989 F.2d 123, 127 (3d Cir. 1993) (holding that the use of an improper legal standard or procedure gives rise to an automatic abuse of discretion "which is merely another way of saying that our review becomes plenary"). A court's decision should not be overturned based upon an abuse of discretion "unless there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant facts." Id. Thus, a decision should not be overturned under the abuse of discretion standard, unless "no reasonable person would adopt the [lower] court's view." Id.

## III. DISCUSSION

### A. The Bankruptcy Court's January 9, 2009 Order

Reviewing the decision of the Bankruptcy Court in light of the parties' arguments and the applicable standard of review, the Court concludes that the Bankruptcy Court did not err in its decision to deny Chevron relief from the automatic stay. The Bankruptcy Court thoroughly analyzed the law governing mutuality and the case law cited by Chevron in particular, and in the

3

Court's view, correctly concluded that the contracts at issue do not confer mutuality on Chevron.  As the Bankruptcy Court correctly recognized, the mutuality required by Section 553 "cannot be supplied by a multi-party agreement contemplating a triangular setoff."  In re SemCrude, L.P., 399 B.R. 388, 397-398 (Bankr. D. Del. 2009).  This conclusion is not only consistent under the facts and applicable case law, but also with general bankruptcy principles concerning the strict construction of mutuality against the party seeking setoff.

In addition, the Court concludes that the Bankruptcy Court correctly determined that a "contract exception" to the mutuality requirement does not exist based upon the plain language of Section 553.  As the Bankruptcy Court recognized, this conclusion is also consistent with the primary goal of the Bankruptcy Code to ensure equal and fair treatment among similarly situated creditors.  Id. at 398-399.

In sum, the Court agrees with and adopts the rationale and conclusions of the Bankruptcy Court as set forth in its January 9, 2009 Opinion denying Chevron relief from the automatic stay. Accordingly, the Court will affirm the Bankruptcy Court's January 9, 2009 Order.

B.    The Bankruptcy Court's March 19, 2009 Memorandum Order

As for Chevron's motion for reconsideration requesting the Bankruptcy Court to consider an argument that the agreements are

4

subject to the safe harbor provisions, the Court cannot conclude that the Bankruptcy Court abused its discretion in denying reconsideration. Chevron did not present the safe harbor legal theory to the Bankruptcy Court in its initial motion which pertained solely to setoff. In fact, Chevron specifically told the Bankruptcy Court in arguing its motion for relief from the automatic stay that the safe harbor provisions were not at issue and Section 553 was controlling. (D.I. 15, Supp. App. A-188 at Exh. C., Tr. 65:2-3). Reconsideration is not a proper vehicle to advance new legal theories or introduce already available evidence. Mauro v. N.J. Supreme Court, 238 Fed. Appx. 791, 793 (3d Cir. 2007); In re Trinity Enterprises, 2009 WL 4110207 (E.D. Pa. Nov. 23, 2009); In re Christie, 222 B.R. 64, 67 (Bankr. D.N.J. 1998) (holding that a motion for reconsideration should not provide the parties with an opportunity for a "second bite at the apple").

Chevron raises the Fourth Circuit's decision in Hutson v. E.I. du Pont de Nemours & Co (In re Nat'l Gas Distribus. LLC), 556 F.3d 247, 259-260 (4th Cir. 2009), to suggest an intervening change in controlling law; however, this decision is not controlling in the Third Circuit and only addresses the limited issue of how to define a commodity forward agreement as that term is used in the definition of "swap agreement" under Section 101(53B) of the Bankruptcy Code. The decision did not determine

5

whether the safe harbor provisions eliminate the Section 553 mutuality requirement, which is the determinative issue here.

In sum, the Court concludes that the Bankruptcy Court did not err in denying Chevron's motion for reconsideration because it failed to demonstrate the criteria justifying such relief. Accordingly, the Court will affirm the Bankruptcy Court's March 19, 2009 Memorandum Order.

## IV.   CONCLUSION

For the reasons discussed, the Court will affirm the June 9, 2009 Order and the March 19, 2009 Memorandum Order entered by the Bankruptcy Court.

An appropriate Order will be entered.

6